FILED

September 10 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0615

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 245N

IN THE MATTER OF:

K.R.W-B.,

    A Youth Under the Age of Eighteen.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DJ-12-45
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Pamela P. Collins,
Assistant Attorney General, Helena, Montana

        William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  August 20, 2014

Decided:  September 14, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      K.R.W-B. (K.R.) appeals from the District Court's order requiring him to register as a sexual offender.  We affirm.

¶3      In October 2012 when K.R. was age fifteen, the State charged him as an adult with four counts of felony sexual intercourse without consent.  In April 2013 K.R. and the State entered a plea agreement that provided that K.R. would be charged in a delinquency petition with two felony counts of sexual assault; that he would be placed on probation until his twenty-fifth birthday; and that he would be transferred to adult probation supervision after he turned eighteen.  The plea agreement also provided that the Youth Court "can make the necessary findings" under § 41-5-1513(1)(d)(i)-(ii), MCA, to "postpone" registration as a sexual offender.  At the disposition hearing in July 2013, the Youth Court ordered that K.R. register as a sexual offender until his twenty-fifth birthday although both the prosecution and defense had acknowledged that the plea agreement contemplated that K.R. would not have to register.

¶4      K.R. contends that the Youth Court abused its discretion by failing to exempt him from sexual offender registration.  Section 41-5-1513, MCA, provides for a number of

2

dispositions that the court "may enter" in the case of a delinquent youth. One of those dispositions, in subsection (1)(d), is that a youth who is required to register as a sexual offender may be exempted if the court finds that the youth does not have a previous sexual offense and if the "registration is not necessary for protection of the public and that relief from registration is in the public's best interest." K.R. contends that the Youth Court abused its discretion by failing to exempt him from registration.

¶5 It is clear that that § 41-5-1513(1)(d), MCA, does not entitle K.R. to an exemption from the requirement that he register as a sexual offender. The court is not required to allow an exemption but "may" do so if both of the statutory conditions (no previous offense and protection of the public) are met. At the disposition hearing the Youth Court specifically found that sexual offender registration was necessary "for the protection of the public wherever he is living . . . ." The Youth Court properly applied the statute and properly exercised its discretion.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶7 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE

3